KELLY M. KLAUS (CA Bar No. 161091)
kelly.klaus@mto.com
ELIZABETH A. KIM (CA Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

MICHAEL B. DESANCTIS (*pro hac vice* pending)
michael.desanctis@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:   (202) 220-1100
Facsimile:    (202) 220-2300

KAREN R. THORLAND (CA Bar No. 172092)
karen_thorland@mpaa.org
MOTION PICTURE ASSOCIATION OF AMERICA, INC.
15301 Ventura Blvd., Building E
Sherman Oaks, California 91403
Telephone: (818) 935-5812

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Universal City Studios Productions LLLP; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment Inc.; Amazon Content Services, LLC; Netflix Studios, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> TickBox TV LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1     Plaintiffs Universal City Studios Productions LLLP ("Universal"), Columbia

2  Pictures Industries, Inc. ("Columbia"), Disney Enterprises, Inc. ("Disney"),

3  Twentieth Century Fox Film Corporation ("Fox"), Paramount Pictures Corporation

4  ("Paramount"), Warner Bros. Entertainment Inc. ("Warner Bros."), Amazon

5  Content Services, LLC ("Amazon"), and Netflix Studios, LLC ("Netflix")

6  (collectively, "Plaintiffs") bring this Complaint against TickBox TV LLC

7  ("TickBox" or "Defendant") under the Copyright Act (17 U.S.C. § 101 et seq.).

8  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a),

9  and 17 U.S.C. § 501(b).  Plaintiffs allege, on personal knowledge as to themselves

10  and information and belief as to others, as follows:

## INTRODUCTION

12     1.     TickBox sells "TickBox TV," a computer hardware device that

13  TickBox urges its customers to use as a tool for the mass infringement of Plaintiffs'

14  copyrighted motion pictures and television shows ("Plaintiffs' Copyrighted

15  Works").  TickBox tells customers to "plug the Tickbox TV into your current

16  television and enjoy unlimited access to ALL the hottest TV shows, Hollywood

17  blockbusters and LIVE sporting events in one convenient little device …

18  ABSOLUTELY FREE."  And TickBox promotes the device as the means to "cut

19  the cord" if "you're sick of paying high monthly fees and expensive bills for your

20  regular cable bill and premium cable channels like HBO and SHOWTIME … [o]r if

21  you're tired of wasting money with online streaming services like Netflix, Hulu or

22  Amazon Prime."

If you're sick of paying high monthly fees and expensive bills for your regular
cable bill and premium cable channels like HBO and SHOWTIME...

Or if you're tired of wasting money with online streaming services like Netflix,
Hulu, or Amazon Prime...

## Get ready to cut the cord, because TickBox TV™ is exactly what you're looking for!





Simply plug the Tickbox TV™ into your current television and enjoy
unlimited access to ALL the hottest TV shows, Hollywood blockbusters
and LIVE sporting events in one convenient little device...

**ABSOLUTELY FREE**

2.      What TickBox actually sells is nothing less than illegal access to Plaintiffs' copyrighted content.  It works like this:  TickBox distributes and promotes the TickBox TV "box," the black box in the right-hand side of TickBox's ad shown above.  TickBox TV uses software to link TickBox's customers to infringing content on the Internet.  When those customers use TickBox TV as Defendant intends and instructs, they have nearly instantaneous access to multiple sources that stream Plaintiffs' Copyrighted Works without authorization.  These streams are illegal public performances of Plaintiffs' Copyrighted Works.

3.      For the customers who use TickBox TV, the device provides the hallmarks of subscribing to authorized streaming services, with one notable exception:  the customers only pay money to TickBox, not to Plaintiffs and other content creators upon whose works TickBox's business depends.  Plaintiffs bring this action to stop TickBox's intentional inducement of, and knowing and material contribution to, the widespread infringement of Plaintiffs' rights.

**THE PARTIES**

4. Plaintiff Universal City Studios Productions LLLP is a limited liability limited partnership duly organized under the laws of the State of Delaware with its principal place of business in Universal City, California. Universal owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

5. Plaintiff Columbia Pictures Industries, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Culver City, California. Columbia owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

6. Plaintiff Disney Enterprises, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California. Disney owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

7. Plaintiff Twentieth Century Fox Film Corporation is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Los Angeles, California. Fox owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

8. Plaintiff Paramount Pictures Corporation is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Los Angeles, California. Paramount owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

9. Plaintiff Warner Bros. Entertainment Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California. Warner Bros. owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

10. Plaintiff Amazon Content Services, LLC is a corporation duly incorporated under the laws of the State of Delaware with its principal place of

-3-<br>COMPLAINT

1 business in Seattle, Washington.  Amazon owns or controls the copyrights or
2 exclusive rights in the content that it or its affiliates produce or distribute.

3      11.    Plaintiff Netflix Studios, LLC is a corporation duly incorporated under
4 the laws of the State of Delaware with its principal place of business in Los Gatos,
5 California.  Netflix owns or controls the copyrights or exclusive rights in the content
6 that it or its affiliates produce or distribute.

7      12.    Plaintiffs have obtained Certificates of Copyright Registration for their
8 Copyrighted Works.  Exhibit A contains a representative list of titles, along with
9 their registration numbers, as to which TickBox has contributed to and induced
10 infringement and continues to contribute to and induce infringement.

11      13.    TickBox TV LLC is a corporation duly incorporated under the laws of
12 the State of Georgia with its principal place of business at 5887 Glenridge Dr., #400,
13 Sandy Springs, GA 30328.

14                  **JURISDICTION AND VENUE**

15      14.    This Court has subject matter jurisdiction over this Complaint pursuant
16 to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(b).

17      15.    TickBox operates an eponymous interactive website
18 (www.tickboxtv.com), where TickBox conducts online sales, offers "live chat"
19 technical support, and promotes its TickBox TV device.  This website is available to
20 and used by California residents.  TickBox TV's widespread and growing popularity
21 is reflected in the roughly half a million unique visitors per month to its website.

22      16.    TickBox sells and ships its devices to California residents.  It also
23 provides ongoing technical support to California residents and manages TickBox
24 TV units remotely by facilitating automatic software updates to TickBox TV
25 customers who reside in California.  TickBox utilizes the services of companies in
26 California, including Facebook, YouTube, Twitter, and Google+ to advertise and
27 promote TickBox TV to potential customers in California.

28

17.    TickBox also knowingly and intentionally targets Plaintiffs and the State of California by openly encouraging TickBox TV customers in California and elsewhere to obtain "free" streams of infringing content rather than "wasting money with online streaming services like Netflix, Hulu or Amazon Prime."  TickBox encourages these customers to use TickBox TV to obtain infringing access to "Hollywood blockbusters," further demonstrating its intent to target Plaintiffs and the State of California.  TickBox further uses Plaintiffs' or their affiliates' trademarks for television channels (e.g., the Disney Channel) to demonstrate the range of available infringing content, and to advertise the availability of the latest "Hollywood blockbusters."

18.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1400(a).

## FACTUAL OVERVIEW

**Plaintiffs and Their Copyrighted Works**

19.    Plaintiffs or their affiliates produce and distribute some of the most popular and critically acclaimed motion pictures and television shows in the world.

20.    Plaintiffs or their affiliates have invested (and continue to invest) substantial resources and effort each year to develop, produce, distribute, and publicly perform their Copyrighted Works.

21.    Plaintiffs or their affiliates own or have the exclusive U.S. rights (among others) to reproduce, distribute, and publicly perform Plaintiffs' Copyrighted Works, including by means of streaming those works over the Internet to the public.

22.    Plaintiffs authorize the distribution and public performance of their Copyrighted Works in various formats and through multiple distribution channels, including, by way of example: (a) for exhibition in theaters; (b) through cable and direct-to-home satellite services (including basic, premium, and "pay-per-view"); (c) through authorized, licensed Internet video-on-demand services, including those

operated by iTunes, Google Play, Hulu, and VUDU, as well as those operated by Netflix and Amazon (which are affiliates of the copyright-owners Netflix and Amazon that are Plaintiffs here); (d) for private home viewing on DVDs and Blu-ray discs; and (e) for broadcast on television.

23.     Plaintiffs have not authorized TickBox, the operators of the third-party sites to which its TickBox TV links, or TickBox's customers, to exercise any of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. § 106.

**TickBox's Inducement of and Contribution to the Infringement of Plaintiffs' Copyrighted Works**

*The TickBox TV Experience*

24.     TickBox TV is easy for customers to install and operate.  Customers need only connect TickBox TV to the Internet and a screen (computer monitor or television) to operate.  TickBox's marketing materials illustrate how easy it is to install TickBox TV (the device itself appears within the red circle in TickBox's ad below, underneath the words, "just plug and play!"):

25.     TickBox markets its device as one that gives its customers direct access to "the largest online media library on the planet," with "virtually all the channels you get from your local cable company," and "without you having to worry about paying rental fees or monthly subscriptions."

26.     TickBox TV primarily utilizes two types of software programs.  The first is a software media player called "Kodi."  Kodi is a third-party "open source" media player, meaning that it operates with many different programs and file formats.  Kodi is recognized as the most popular media player for supporting software "addons." An addon is a software program that runs in conjunction with an underlying software program (like Kodi) to provide functionality over and above the functionality that the underlying software provides.

27.     TickBox TV also uses individual addons that are designed and maintained for the overarching purpose of scouring the Internet for illegal sources of copyrighted content and returning links to that content.  When TickBox TV customers click those links, those customers instantaneously receive unauthorized streams of popular motion pictures and television shows.

1    28.    From the customer's perspective, TickBox TV works as follows.  First,

2  the customer boots up a newly delivered TickBox TV unit.  The device prompts the

3  customer to download "TickBox TV Player" software.  As depicted below, the

4  device then presents the customer with a home screen branded, "Welcome to

5  TickBox TV."  This home screen directs the customer to various routes for

6  obtaining infringing streams, including menu options labeled "WATCH MOVIES

7  TV SPORTS," "Select Your Theme," and "3rd Party LIVE TV Suggestions."  The

8  TickBox TV home menu also offers a link to a "One Click Webinar," encouraging

9  customers to "Learn how to view THOUSANDS of live tv channels for FREE!"



29.     The home menu also displays a "Support" button.  Upon clicking that button, the customer sees a screen with the title:  "TICKBOX TV TECH & INSTALLATION VIDEOS.  BEFORE YOU DO ANYTHING ELSE, START HERE!"  The TickBox TV installation video guides the customer step-by-step through the process of using the TickBox TV device to obtain access to unauthorized streams.



30.     The TickBox TV instructional video further instructs the customer "how to" use the device to obtain infringing content.  The tutorials include: "TickBox TV How to watch a TV Show," "TickBox TV How to search for a Movie," and "TickBox TV How to watch Live TV," and "HOW TO DOWNLOAD ADDONS TO YOUR TICKBOX TV."

31.     The TickBox TV instructional video urges the customer to use the "Select Your Theme" button on the start-up menu for downloading addons.  The "Themes" are curated collections of popular addons that link to unauthorized streams of motion pictures and television shows.  Some of the most popular addons

1  currently distributed—which are available through TickBox TV—are titled
2  "Elysium," "Bob," and "Covenant."

3          32.     After completing the set-up and downloading addons per TickBox's
4  directions, the customers use TickBox TV for intended and unquestionably
5  infringing purposes, most notably to obtain instantaneous, unrestricted, and
6  unauthorized access to infringing streams of Plaintiffs' Copyrighted Works.

7          33.     As noted, "Covenant" is a very popular addon for accessing infringing
8  content.  It is one of the addons that TickBox makes it easy for customers for
9  download and use to access infringing streams.  The customer opens Covenant
10 through the TickBox TV device.  Once opened, the customer sees the following
11 welcome screen, which presents TickBox's customer with 15 different categories
12 and search options.  These curated categories include selections of obviously
13 popular and copyrighted content, such as "Box Office," "In Theaters," and "New
14 Movies":

15
16
17
18
19
20
21
22
23
24
25
26



27
28

34.     A TickBox TV customer who selected the "In Theatres" category on September 11, 2017, would have viewed 51 curated results (as circled), the first page of which is depicted below:



35.     In the above example, the third listed title, Fox's *War for the Planet of the Apes*, was released to theaters on July 14, 2017.  As of September 11, 2017, *War for the Planet of the Apes* was not authorized for in-home viewing via video-on-demand distribution, as its distribution was still limited exclusively to theaters.  As of September 11, 2017, several other of the above-listed titles were also not authorized for video-on-demand distribution, as they were still being distributed exclusively to theaters.

36.     Once the TickBox TV customer selects a particular title to stream, he or she has nearly instantaneous access to dozens of links to sources of unauthorized content.  For example, the screenshot below shows a list of results for *War for the Planet of the Apes*.



As the result of just one search, a TickBox TV customer would have had access to 44 different unauthorized sources for streaming *War for the Planet of the Apes*.

37.     TickBox TV customers also have access to information about sources, including whether the source streams content in high-definition or standard-definition resolution.  As the screenshot above shows, the sources for some movies that are still in theaters are listed as "CAM," which indicates that the video was shot illegally by an individual using a camcorder or other recording device in a movie theater.

38.     As depicted in the screenshot below, when a customer selects a source for *War for the Planet of the Apes*, TickBox TV presents a user-friendly interface with buttons to fast-forward, rewind, play, pause, stop, and turn on closed-

captioning, among others.  With just a few clicks, a TickBox TV customer can access an infringing stream of a motion picture that can be seen legally only in theatres.



### *TickBox Intentionally Induces Mass Infringement of Plaintiffs' Copyrighted Works*

39.     TickBox promotes the use of TickBox TV for overwhelmingly, if not exclusively, infringing purposes, and that is how its customers use TickBox TV.

40.     TickBox advertises TickBox TV as a substitute for authorized and legitimate distribution channels such as cable television or video-on-demand services like Amazon Prime and Netflix.  With a wink and a nod, TickBox tells prospective customers they can "of course" still use "Amazon Video, Netflix or Hulu on Tickbox TV"— but TickBox confidently predicts that, "within a few days of using Tickbox TV™ you will find you no longer need those subscriptions" (because TickBox TV is intended to substitute for such services).

41.     TickBox promotes TickBox TV as making it easy and efficient for customers to find and access infringing streams and copies of Plaintiffs' Copyrighted Works.  TickBox highlights the ease of finding and watching content on TickBox TV in its online promotional videos, explaining that "the TickBox technology just sends the stream directly to your television … and the installation is as easy as plugging the box into the HDMI port on your TV."[1]

42.     TickBox markets TickBox TV as a way to "Get Instant Access to Any Movie, TV Show, or Sporting Events… Without Signing a Contract or Paying a Monthly Service Fee!"  TickBox informs potential customers that once they purchase TickBox TV, all of the content they stream is "ABSOLUTELY FREE."



43.     TickBox urges its customers to stream infringing content.  TickBox promotional materials inform customers that "[y]ou can see almost every movie and TV series ever made.  You can even access movies and shows that are still on

---

[1] Tickbox TV, Tickbox TV, YOUTUBE, at 1:40-52, https://www.youtube.com/watch?v=c8eF7jiANGI.

1   Demand and episodes of TV that were just aired.  You will never pay to watch any
2   of them."

3       44.    TickBox boasts that TickBox TV offers automatic software updates.
4   TickBox explains that "most content will update daily and if the add on or app needs
5   to be updated it will update automatically."  For example, in September 2017, the
6   automatic update added the "Covenant" addon (described above) to the TickBox TV
7   devices of customers who had set up their devices before Covenant was available on
8   TickBox's download menu.  TickBox thereby ensures that TickBox TV customers
9   will enjoy uninterrupted access to the most popular and up-to-date addons for
10  obtaining access to infringing streams any time.

11      45.    The commercial value of TickBox's business depends on high-volume
12  infringing use through the TickBox TV devices.  TickBox's revenues grow based on
13  the growth in demand for the TickBox TV devices.  The demand for TickBox TV is
14  driven by the promise of free access to infringing content.  These promises depend
15  on and form an integral part of an ecosystem built on the mass infringement of
16  Plaintiffs' Copyrighted Works.

17                   **FIRST CAUSE OF ACTION**

18  **(Intentionally Inducing the Infringement of Plaintiffs' Copyrighted Works,**

19                        **17 U.S.C. § 106)**

20      46.    Plaintiffs incorporate herein by reference each and every averment
21  contained in paragraphs 1 through 45 inclusive.

22      47.    TickBox has actual knowledge of third parties' infringement of
23  Plaintiffs' exclusive rights under the Copyright Act.

24      48.    TickBox intentionally induces the infringement of Plaintiffs' exclusive
25  rights under the Copyright Act, including infringement of Plaintiffs' exclusive right
26  to publicly perform their works.  As intended and encouraged by TickBox, its
27  device connects its customers to unauthorized online sources that stream Plaintiffs'
28  Copyrighted Works.  The operators of these source repositories directly infringe

Plaintiffs' public performance rights by providing unauthorized streams of the works to the public, including to TickBox's customers. These operators, or others operating in concert with them, control the facilities and equipment used to store and stream the content, and they actively and directly cause the content to be streamed when TickBox TV customers click on a link for the content.

49. TickBox induces the aforementioned acts of infringement by supplying the physical devices that facilitate, enable, and create direct links between TickBox TV customers and the infringing operators of the streaming services, and by actively inducing, encouraging and promoting the use of its devices for blatant copyright infringement.

50. TickBox's intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

51. TickBox's inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

52. As a direct and proximate result of the infringement that TickBox intentionally induces, Plaintiffs are entitled to damages and TickBox's profits in amounts to be proven at trial.

53. Alternatively, at their election, Plaintiffs are entitled to statutory damages, up to the maximum amount of $150,000 per work infringed by virtue of TickBox's willful inducement of infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

54. Plaintiffs further are entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

55. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined

and restrained by this Court, TickBox will continue to induce infringement of Plaintiffs' rights in their Copyrighted Works.  Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

SECOND CAUSE OF ACTION

**(Contributory Copyright Infringement by Knowingly and Materially Contributing to the Infringement of Plaintiffs' Copyrighted Works, 17 U.S.C. §§ 106(1))**

56.     Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 45 inclusive.

57.     TickBox has actual or constructive knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.  TickBox knowingly and materially contributes to such infringing activity.

58.     TickBox knowingly and materially contributes to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform their works.  TickBox designs and promotes the use of its device to connect customers to unauthorized online sources that stream Plaintiffs' Copyrighted Works.  The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing unauthorized streams of the works to the public, including to TickBox's customers. The operators, or others operating in concert with them, control the facilities and equipment used to store and stream the content, and they actively and directly cause the content to be streamed when TickBox TV customers click on a link for the content.

59.     TickBox knowingly and materially contributes to the aforementioned acts of infringement by supplying the physical devices that facilitate, encourage, enable, and create direct links between TickBox TV customers and infringing operators of the streaming services, and by actively encouraging, promoting, and contributing to the use of its devices for blatant copyright infringement.

-18-
COMPLAINT

60.     TickBox's knowing and material contribution to the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

61.     TickBox's knowing and material contribution to the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

62.     As a direct and proximate result of the infringement to which TickBox knowingly and materially contributes, Plaintiffs are entitled to damages and TickBox's profits in amounts to be proven at trial.

63.     Alternatively, at their election, Plaintiffs are entitled to statutory damages, up to the maximum amount of $150,000 per work infringed by virtue of TickBox's willful, knowing, and material contribution to infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

64.     Plaintiffs further are entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

65.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, TickBox will continue to knowingly and materially contribute to the infringement of Plaintiffs' rights in their Copyrighted Works. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against TickBox and for the following relief:

1.     For Plaintiffs' damages and TickBox's profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2.      For preliminary and permanent injunctions (a) enjoining TickBox, its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with it, from publicly performing or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any right under copyright in any of Plaintiffs' Copyrighted Works, including without limitation by publicly performing those Works, or by distributing any software or providing any service or device that does or facilitates any of the foregoing acts; and (b) impounding all TickBox TV devices in TickBox's possession, custody, or control, and any and all documents or other records in TickBox's possession, custody, or control relating to TickBox's contribution to and inducement of the infringement of Plaintiffs' Copyrighted Works.

3.      For prejudgment interest according to law.

4.      For Plaintiffs' attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505.

5.      For all such further and additional relief, in law or in equity, to which Plaintiffs may be entitled or which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by jury.


DATED:  October 13, 2017          MUNGER, TOLLES & OLSON LLP


By:  */s/ Kelly M. Klaus*
KELLY M. KLAUS
Attorneys for Plaintiffs