1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| Universal City Studios LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment Inc.; Amazon Content Services, LLC; Netflix Studios, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Tickbox TV LLC,<br><br>Defendant. | Case No. 2:17-cv-07496-MWF(AS)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: Jan. 8, 2018<br>Time: 10:00 a.m.<br>Ctrm: 5A (Hon. Michael W. Fitzgerald) |
|---|---|

Upon reviewing the legal argument and evidence filed by Plaintiffs Universal City Studios LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Paramount Pictures Corporation, Warner Bros. Entertainment Inc., Amazon Content Services, LLC, and Netflix Studios, LLC (collectively, "Plaintiffs"), in support of their Motion for Preliminary Injunction ("Motion"); and having reviewed the opposition legal argument and evidence filed by Defendant TickBox TV LLC ("TickBox"); and having reviewed all reply materials and all argument of counsel; and having considered the factors relating to (i) Plaintiffs' likelihood of success on the merits, (ii) the likelihood of irreparable harm to Plaintiffs if preliminary injunction relief is denied, (iii) the balance of hardships and (iv) the public interest, the Court HEREBY FINDS AND ORDERS as follows:

Plaintiffs are likely to prevail on the merits of their claims that TickBox has violated and is violating 17 U.S.C. § 106 by inducing the infringement of Plaintiffs' exclusive right of public performance.

Section 106(4) of the Copyright Act grants a copyright owner the exclusive right "in the case of . . . motion pictures and other audiovisual works, to perform the copyrighted work publicly." 17 U.S.C. § 106(4). The "transmit" clause—subsection (2) of the definition of a public performance—makes clear that a performance is public when it is transmitted "by means of any device or process" "to the public," regardless of whether the potential audience for the transmission receives it at the same time or at different times or is gathered in one location or different locations. *Id.* § 101. TickBox violates Plaintiffs' public performance right by inducing the infringing transmissions of performances by third parties to TickBox's users.

Plaintiffs are likely to suffer irreparable injury without intervention of this Court, including interference with Plaintiffs' ability to control their works, interference with Plaintiffs' goodwill and relationships with licensees, harm to the

rapidly evolving on-demand streaming market, and the creation of consumer confusion about that market.

The balance of hardships tips decidedly in Plaintiffs' favor.  The threat of harm to Plaintiffs is substantial.  TickBox, in contrast, cannot claim any legitimate hardship from being forced to desist from its infringing activities.

Public policy weighs in favor of issuing the preliminary injunction.  The public interest is served here by upholding Plaintiffs' copyrights.

Accordingly, TickBox and all of its officers, directors, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them, ARE HEREBY RESTRAINED AND ENJOINED from publicly performing or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any right under § 106 in any of Plaintiffs' Copyrighted Works, including without limitation by publicly performing those Works, or by distributing any device or software (including without limitation TickBox TV) or performing any service that induces or facilitates any of the foregoing acts.

IT IS FURTHER ORDERED that (1) all TickBox TV devices in the possession of TickBox and all of its officers, directors, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them are to be impounded and shall be retained by Defendant until further order of the Court; and (2) TickBox shall, via software update, remove from all distributed TickBox TV devices all Kodi "Themes," "Builds," "Addons," or any other software that facilitates the infringing public performances of Plaintiffs' Copyrighted Works, including, but not limited to Spinz, Lodi Black, Stream on Fire, Wookie, Aqua, CMM, Spanish Quasar, Paradox, Covenant, Elysium, UK Turk, Gurzil, Maverick, and Poseidon.

1     The Court orders Plaintiffs to post security in the amount of $50,000 to
2 compensate TickBox for its losses in the event that this injunction is reversed or
3 vacated.
4 **IT IS SO ORDERED**

6 DATED: _____

                                            The Honorable Michael W. Fitzgerald
                                            United States District Judge