KELLY M. KLAUS (CA Bar No. 161091)
kelly.klaus@mto.com
ELIZABETH A. KIM (CA Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

MICHAEL B. DESANCTIS (admitted *pro hac vice*)
michael.desanctis@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:   (202) 220-1100
Facsimile:    (202) 220-2300

KAREN R. THORLAND (CA Bar No. 172092)
karen_thorland@mpaa.org
MOTION PICTURE ASSOCIATION OF AMERICA, INC.
15301 Ventura Blvd., Building E
Sherman Oaks, California 91403
Telephone: (818) 935-5812

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Universal City Studios Productions LLLP; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment Inc.; Amazon Content Services, LLC; Netflix Studios, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Tickbox TV LLC, <br><br> Defendant. | Case No.  2:17-cv-07496-MWF(AS) <br><br> **AMENDED JOINT RULE 26(f) REPORT** |

1    Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's March 6,

2  2018 Scheduling Notice (Dkt. No.47), counsel for Plaintiffs Universal City Studios

3  Productions LLLP, Columbia Pictures Industries, Inc., Disney Enterprises, Inc.,

4  Twentieth Century Fox Film Corporation, Paramount Pictures Corporation, Warner

5  Bros. Entertainment Inc., Amazon Content Services, LLC, and Netflix Studios, LLC

6  ("Plaintiffs") and counsel for Defendant TickBox TV LLC ("TickBox" or

7  "Defendant") (jointly with Plaintiffs, the "Parties") met and conferred on March 20,

8  2018, and hereby submit this Amended Joint Rule 26(f) Report to the Court.

9  **A.    Statement of the Case**

10  Plaintiffs' Statement:

11    Defendant sells "TickBox TV," a device that TickBox markets and promotes

12  to its customers as a tool for accessing copyrighted content for free on the Internet,

13  thereby inducing the widespread infringement of Plaintiffs' copyrighted movies and

14  television shows.  TickBox's advertising and other public statements have been

15  completely candid about TickBox's unlawful objective.  Until Plaintiffs filed this

16  lawsuit, the home page of TickBox's website told customers that if they were "tired

17  of wasting money with online streaming services like Netflix, Hulu or Amazon

18  Prime," those customers could "[s]imply plug the TickBox TV into your current

19  television and enjoy unlimited access to ALL the hottest TV shows, Hollywood

20  blockbusters and LIVE sporting events in one convenient little device …

21  ABSOLUTELY FREE."

22    TickBox TV is designed, distributed, maintained, and promoted for wholly

23  unauthorized and infringing use.  TickBox provides its customers with, and

24  encourages them to use, the TickBox TV device to access a tremendous number of

25  copyrighted works streamed over the Internet.  TickBox encourages its customers to

26  install illicit software tools that, when loaded onto the TickBox TV device, scour the

27  Internet for sources of infringing content.  TickBox then delivers links to those

28  sources to its customers, who access infringing streams of Plaintiffs' copyrighted

content.  The Supreme Court's unanimous decision in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), makes it clear that where, as here, a defendant distributes a product "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement," the defendant "is liable for the resulting acts of infringement by third parties."  *Id.* at 936-37.  TickBox's intent to promote, induce, and foster infringement is manifest.

The Court issued its Order Granting Plaintiffs' Motion for Preliminary Injunction on January 30, 2018 (Dkt. 40, 41).  Pursuant to that Order, which concluded that Plaintiffs had demonstrated a likelihood of success on the merits of their infringement claims against Defendant, the Parties submitted a stipulated preliminary injunction (Dkt. 43).  The Court entered the stipulated preliminary injunction order on February 13, 2018 (Dkt. 44).

Defendant's Statement:

Defendant and its product do not infringe on Plaintiffs' copyrights, nor does Defendant induce, encourage, or incentivize anyone to infringe Plaintiffs' copyrights.

Defendant sells a device utilizing the Android operating system, onto which users can voluntarily download and install various applications, software, and addons for that system, available from third parties.  Some of these third-party applications give users the ability to browse the internet, access social media websites, or stream media from authorized sources.  Other third-party applications provide the ability to access allegedly unauthorized streaming media.  Such applications are not unique to Defendant's product and can be downloaded and installed on many different types of devices, including smartphones, computers, and streaming devices sold by affiliates of Plaintiffs.  Defendant does not support or develop these applications.

- 2 -

Even if a user of Defendant's device downloads a third-party application to view unauthorized streaming media, such user would not be infringing on Plaintiffs' exclusive rights to perform their copyrighted works.  Instead, the third-party who transmits such stream infringes on Plaintiffs' right to perform their copyrighted work.  Defendant does not transmit streams of Plaintiffs' copyrighted works, and Defendant has no contact or connection with any third-party, unauthorized media streamers.  Defendant does not induce, incentivize, or otherwise encourage such unknown third-parties to take any action or inaction, including infringement of Plaintiffs' rights.

Because Defendant, Defendant's product, and the users of Defendant's product do not infringe upon Plaintiffs' copyrights, and Plaintiffs have not identified any use or feature of Defendant's product which does infringe on Plaintiffs' copyrights, Defendant cannot be shown to have distributed the product with the object of promoting its use to infringe copyright.

**B.** **Subject Matter Jurisdiction**

The Court has original subject matter jurisdiction over Plaintiffs' claims for copyright infringement pursuant 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501(b).

**C.** **Legal Issues**

The primary legal dispute is whether TickBox can be held liable for inducing copyright infringement under the standards enunciated in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) and *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013).  The Court agreed that Plaintiffs have demonstrated a likelihood of success on the merits in its January 30, 2018 Order Granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 40, 41).

1    **D.      Parties, Evidence, etc.**

2          1.      Parties, including corporate parents

3          The Court's Scheduling Order asks the parties to "identify all subsidiaries,

4    parents and affiliates."  For each of the Plaintiffs, this would be a voluminous list.

5    Accordingly, Plaintiffs list below the publicly held companies that are their ultimate

6    corporate parents.

7          a) Plaintiff Universal City Studios Productions LLLP is a wholly owned
             indirect subsidiary of Comcast Corporation, a publicly traded company;
8
9          b) Plaintiff Columbia Pictures Industries, Inc. is a wholly owned indirect
             subsidiary of Sony Corporation, a publicly traded company;

10         c) Plaintiff Disney Enterprises, Inc. is a wholly owned subsidiary of The
             Walt Disney Company, a publicly traded company;
11
12         d) Plaintiff Twentieth Century Fox Film Corporation is a wholly owned
             indirect subsidiary of Twenty-First Century Fox, Inc., a publicly traded
13           company;

14         e) Plaintiff Paramount Pictures Corporation is a wholly owned subsidiary of
             Viacom Inc., a publicly traded company;
15
16         f) Plaintiff Warner Bros. Entertainment Inc. is a wholly owned indirect
             subsidiary of Time Warner Inc., a publicly traded company;

17         g) Plaintiff Amazon Content Services, LLC is a wholly owned indirect
             subsidiary of Amazon.com Inc., a publicly traded company;
18
19         h) Plaintiff Netflix Studios, LLC is a wholly owned indirect subsidiary of
             Netflix, Inc., a publicly traded company;

20         i) Defendant TickBox TV LLC is a Georgia limited liability company.

21         2.      Witnesses

22         Based on information currently known, Plaintiffs anticipate that percipient

23   witnesses may include owners and executives of TickBox, including but not limited

24   to Carrla Goldstein and Jeffrey Goldstein.

25         Plaintiffs anticipate presenting issues concerning copyright ownership and

26   harm from TickBox's activity through corporate representatives.

27         Defendant anticipates presenting evidence of Defendant's actions and intent

28   through corporate representatives.  In addition, Defendant intends to obtain

1  information from third party witnesses who have percipient and/or expert
2  knowledge concerning the product in question, its competitors' products, and other
3  device manufacturers, including smartphones, computers, and streaming devices,
4  that run the Android operating systems and onto which users can voluntarily
5  download and install various applications, software, and addons for that system,
6  available from third parties.

7       3.    Key Documents

8       Plaintiffs believe that key documents will include TickBox's advertising and
9  promotional materials, communications with actual and prospective customers,
10  internal business plan and strategy documents, and communications with a third-
11  party known as "Appy" that provides software services to TickBox.

12      Defendants believe that key documents will include advertising and usage
13  information of competitors' products, and other device manufacturers, including
14  smartphones, computers, and streaming devices, that run the Android operating
15  systems and onto which users can voluntarily download and install various
16  applications, software, and addons for that system, available from third parties.

17  **E.   Damages**

18      Plaintiffs seek damages under the Copyright Act.  Pursuant to 17 U.S.C.
19  § 504(a), Plaintiffs have the right to elect, at any time before final judgment is
20  rendered, to recover either their actual damages or statutory damages.  Plaintiffs
21  have not yet made their damages election.

22      Plaintiffs also seek attorneys' fees and full costs incurred in this action
23  pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

24  **F.   Insurance**

25      Defendant has no applicable insurance coverage.

26  **G.   Motions**

27      Plaintiffs expect to bring a summary judgment motion on TickBox's liability.

28

- 5 -

1   Defendant expects to file a motion for summary judgment on the issue of
2   Defendant's liability.

3   **H.   Manual for Complex Litigation**

4   The Parties do not believe that this case would benefit from reference to the
5   procedures set forth in the Manual for Complex Litigation.

6   **I.   Status of Discovery**

7   The Parties have not yet started serving formal discovery requests.

8   Plaintiffs expect to commence serving formal discovery requests shortly.

9   Defendant expects to commence serving formal discovery requests shortly.

10  **J.   Discovery Plan**

11  Plaintiffs have proposed a fact discovery cut-off of June 4, 2018.  Plaintiffs
12  expect to serve written discovery requests related to the issue of TickBox's liability
13  and the willfulness of its conduct for purposes of the statutory damages available
14  under 17 U.S.C. § 504(c).  Plaintiffs anticipate taking the depositions of TickBox's
15  executives.  Plaintiffs also anticipate seeking third-party discovery from TickBox's
16  business partners.

17  Defendant does not oppose the fact discovery cut-off proposed by Plaintiffs.
18  Defendant expects to serve written discovery requests related to the factual basis for
19  Plaintiffs' claims and alleged damages.  Defendant anticipates taking depositions of
20  Plaintiffs' representatives and expert witnesses.

21  **K.   Discovery Cut-Off**

22  Plaintiffs propose a fact discovery cut-off of June 4, 2018.

23  Defendant does not oppose the fact discovery cut-off suggested by Plaintiffs.

24  **L.   Expert Discovery**

25  Plaintiffs propose a date for initial expert witness disclosures of June 4, 2018
26  and for rebuttal expert witness disclosures of June 25, 2018.

27  Defendant proposes a date for initial expert witness disclosures of March 21,
28  2018, and for rebuttal expert witness disclosures of April 1, 2018.

- 6 -

**M.**   **Dispositive Motions**

Plaintiffs anticipate filing a motion for summary judgment on the issue of TickBox's liability.

Defendant anticipates filing a motion for summary judgment on the issue of Defendant's liability.

**N.**   **Settlement/Alternative Dispute Resolution**

The Parties have discussed whether it is possible to resolve the pending motion for preliminary injunction by way of a stipulated order.

The Parties believe that at an appropriate juncture, they may benefit from a settlement conference with the assigned Magistrate Judge.

**O.**   **Trial Estimate**

Plaintiffs demand a jury trial.  Plaintiffs estimate a trial time of 5 to 8 Court days, depending on the number of issues that may be resolved on summary judgment.

Defendant anticipates a trial time of 3 days.

**P.**   **Trial Counsel**

Lead trial counsel for Plaintiffs will be Kelly M. Klaus.

Lead trial counsel for Defendant will be John Christy.

**Q.**   **Independent Expert or Master**

The Parties do not believe this case calls for the appointment of an independent expert or master.

**R.**   **Timetable**

The Parties have set forth their respective position on a case timetable on the Court's Scheduling Worksheet, which is attached as Exhibit A.  If a Party believes the Court's resolution of the Plaintiffs' pending motion for preliminary injunction warrants a change in the proposed schedule, that Party (individually or jointly with the other Party) may bring that matter to the Court's attention.

**S.**      <u>Other issues</u>

The Parties do not at this time have other issues to raise with the Court.

DATED: March 21, 2018        MUNGER, TOLLES & OLSON LLP

By:     */s/ Kelly M. Klaus*
        KELLY M. KLAUS
        Attorneys for Plaintiffs

DATED: March 21, 2018        SCHREEDER WHEELER & FLINT LLP

By:     */s/ John Christy*
        JOHN CHRISTY
        Attorneys for Defendant

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### **FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2), I, Kelly M. Klaus, certify that that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

By:      */s/ Kelly M. Klaus*
KELLY M. KLAUS
Attorneys for Plaintiffs

- 9 -