Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Tel: 818.296.9508
Fax: 818.296.9510

John A. Christy (*Pro Hac Vice*)
jchristy@swfllp.com
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
Tel: 404.681.3450
Fax: 404.681.1046

Attorneys for Defendant TickBox TV, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Universal City Studios LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment, Inc.; Amazon Content Services, LLC; Netflix Studios, LLC,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>TickBox TV, LLC,<br><br>                              Defendant.<br>_____ | Case No. 2:17-cv-07496-MWF(AS)<br><br>**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO EXTEND DISCOVERY CUTOFF**<br><br>[Filed Concurrently with Declaration of John A. Christy]<br><br>Date: July 9, 2018<br>Time: 10:00 a.m.<br>Ctrm: 5A (Hon. Michael W. Fitzgerald) |

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1

II.    BACKGROUND AND TIMELINE...........................................1

III.   ARGUMENT AND CITATION OF AUTHORITY ............................3

       A.    Leave to Amend Must be Denied...............................................3

       B.    If Leave to Amend is Not Granted, Extension of Discovery
             Must be Denied...............................................................5

       C.    If Leave to Amend is Granted, the Proposed Extension of
             Discovery Would Be Prejudicial................................6

IV.    CONCLUSION ...........................................................7

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO EXTEND DISCOVERY CUTOFF**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*CH2O, Inc. v. Meras Eng'g, Inc.*, No. LA CV13-08418 JAK (RZx), 2015 WL 12752444 at *3-4
  (C.D. Cal August 31, 2015) ...................................................................................7

*Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985) ......................5

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ............4, 5, 6

*Taylor v. Shippers Transport Express, Inc.*, No. CV13-02092-BRO-(PLAx), 2014 WL 12561079
  at *2 (C.D. Cal. April 18, 2014) ...........................................................................7

**Rules**

Fed. R. Civ. P. 15(a)(2) .................................................................................................4

Fed. R. Civ. P. 16(b)(4) .................................................................................................4

L.R. 37-1 .........................................................................................................................6

L.R. 6-1 ...........................................................................................................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs filed their *Motion for Leave to File First Amended Complaint and to Extend Discovery Cutoff* (the "Motion") on June 4, 2018, seeking (1) leave to amend their Complaint based upon alleged new information, which Plaintiffs in fact knew months before the deadline to amend pleadings in this case, (2) extension of discovery deadlines, which have expired, and (3) to extend the discovery deadlines even if the Complaint is not amended due to Plaintiffs' own failure to conduct discovery promptly in this matter.  Based upon the timeline of this case, it is clear that Plaintiffs' Motion is an attempt to expand these proceedings to cover their own failure to conduct discovery in this action.  There is no basis for this Court to amend its scheduling order to remedy Plaintiffs' lack of diligence in prosecuting its case.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint in this action on October 13, 2017.  (Dkt. 1.)  On December 7, 2018, Plaintiffs filed a *Motion for Preliminary Injunction*. (Dkt. 28.)Pursuant to a *Stipulation to Extend Time to Respond to Initial Complaint*, (Dkt. 18), Defendant timely filed its Answer on December 8, 2017. (Dkt 29.)  On that same day, Defendant filed its *Certification and Notice of Interested Parties*, disclosing Carrla Goldstein as a member of Defendant (Dkt. 30.)

On December 14, 2017, the Court entered its *Order Setting Scheduling Conference*, setting a scheduling conference to be held February 12, 2018, and directing the parties to file a Joint Rule 26(f) Report by January 29, 2018.  (Dkt. 31.)  The order suggests that the parties "begin to conduct discovery actively *before* the Scheduling Conference . . .  because at the Scheduling Conference the Court will impose strict deadlines to complete discovery."  (Id. at 2:8-13.)

On December 28, 2017, Defendant filed its *Response in Opposition to Motion for Preliminary Injunction*. (Dkt. 34.)  Concurrently, Defendant filed the *Declaration*

1  *of Jeffrey Goldstein in Opposition to Plaintiffs' Motion for Preliminary Injunction*,

2  disclosing Mr. Goldstein to be the CEO of Defendant. (Dkt. 34-1.)

3       On January 29, 2018, a month after all such disclosures regarding the roles of

4  Carrla and Jeffrey Goldstein had been made, the parties filed their *Joint Rule 26(f)*

5  *Report*. (Dkt. 39.)  At that time, Plaintiffs represented, "Plaintiffs expect to commence

6  serving formal discovery requests shortly," and proposed a discovery cut-off date of

7  June 4, 2018, to which Defendant did not object.  (*Id.* at 7:3-12.)  Plaintiffs also

8  disclosed that they intended to take the depositions of Defendant's executives.  (*Id.* at

9  7:9-10.)  Attached to the *Joint Rule 26(f) Report*, the parties submitted a *Schedule of*

10  *Pretrial and Trial Dates Worksheet*, in which Plaintiffs proposed a deadline to hear

11  motions to amend pleadings or add parties of May 4, 2018.  (*Id.* at 12.)

12       Two months later, on March 21, 2018, the parties filed their *Amended Joint*

13  *26(f) Report*. (Dkt. 48.)   In such document, Plaintiffs once again represented,

14  "Plaintiffs expect to commence serving formal discovery requests shortly," and

15  proposed a discovery cut-off of June 4, 2018.  (*Id.* at 7:8,11.)  Plaintiffs once again

16  stated their intention to take depositions of Defendant's executives, and further

17  disclosed that they will seek third-party discovery from Defendant's "business

18  partners."  (*Id.* at 7:14-16.)  The parties also submitted a *Schedule of Pretrial and*

19  *Trial Dates Worksheet*, in which Plaintiffs again proposed a deadline to hear motions

20  to amend pleadings and add parties of May 4, 2018. (Dkt. 48-1.)

21       On April 13, 2018, the Court entered a scheduling order (the "Scheduling

22  Order").  (Dkt. 50.)  The Scheduling Order states unequivocally that there shall be

23  "no further amendments" to pleadings or addition of parties.  (*Id.* at 2.)  The

24  Scheduling Order further provides that June 4, 2018 is the discovery cut-off date, and

25  clarifies, "This is not the date by which discovery requests must be served, it is the

26  date by which all discovery, *including all hearings on any related motions*, is to be

27  completed."  (emphasis in original.) (*Id.* at 2, 3:8-10.)  Plaintiffs did not object to the

28  Scheduling Order or request reconsideration of the Scheduling Order.

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND
TO EXTEND DISCOVERY CUTOFF**

On June 4, 2018, *more than five months after the roles of Carrla and Jeffrey Goldstein were disclosed to Plaintiffs*, Plaintiffs filed their Motion seeking to add the Goldsteins as defendants in this action.  (Dkt. 51.)  In the Motion, Plaintiffs allege, "Plaintiffs did not know the extent to which the Goldsteins were involved in devising, controlling, and financially benefitting from Tickbox at the time the Complaint was filed," but admit that it became "clear" to them after Defendant filed its *Certification and Notice of Interested Parties* and Mr. Goldstein's declaration, in December of last year.  (*Id*., at 3:4-14).  Thus, Plaintiffs admit that they have had the information they believe warrants their Amended Complaint for over five months, but failed to seek such an amendment until more than two months after this Court ordered no further amendments would be considered, and more than a month after their own proposed deadline for *hearing* such a motion to amend. [1]

## III.   LEGAL ARGUMENT.

### A.   <u>Leave to Amend Must be Denied</u>.

At the outset, Plaintiffs propose an incorrect standard for evaluation of their Motion.   The Motion seeks to amend the Complaint to add parties in direct contravention of the Court's Scheduling Order, which states that no further amendments will be allowed.  The Federal Rules of Civil Procedure *generally* allow a party to amend its complaint with leave of the Court under the standards of Rule 15.  Fed. R. Civ. P. 15(a)(2).  However, where, as here, the Court has entered a scheduling order providing deadlines to amend pleadings, Plaintiffs' "ability to amend [the] complaint is governed by Rule 16(b), not Rule 15(a)."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Thus, the schedule set by the Court may be amended only upon a showing of "good cause."  Fed. R. Civ. P. 16(b)(4).

---

[1] The Plaintiffs, represented by the same counsel as in this case, brought an action in January, 2018 styled *Universal City Studios, LLC, et al. v. Dragon Media, Inc., d\b\a Dragon Box et. al.*, Case Noe. 2:18-cv-00230-MEF-AS, in which they knew enough to assert claims against two principals of the corporate defendant similar to the claims they seek to belatedly add in this case.

witkow | baskin

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* In *Johnson*, the plaintiff sought to amend its complaint to add defendants; however, because the record demonstrated that the plaintiff had advance notice of the facts which formed the basis of its amendment, yet failed to seek such an amendment prior to the deadline for motions to amend, the Ninth Circuit affirmed that denial of such motion was appropriate. *Id.*

The circumstances in the present case are similar to those in *Johnson*. Plaintiffs seek leave to amend their Complaint and add parties because they allege, "it is now clear that the Goldsteins must be added to this suit" based upon Mr. Goldstein's declaration, filed December 28, 2017, and Defendant's disclosure of Carrla Goldstein as a member of Defendant, which disclosure was filed December 8, 2017. (Dkt. 51 at 9:8-14; *see, also* Dkt. 30, Dkt. 34-1.)

Consequently, over five months prior to the filing of the Motion, Plaintiffs knew, or should have known, the facts on which they base their amendment. In January, and again in March, Plaintiffs proposed a deadline to hear motions to amend pleadings and add parties of May 4, 2018. In April, the Court entered an order that no further amendments would be allowed.[2] And yet it was not until June 4, 2018, that Plaintiffs sought their amendment. In the meantime, Defendant has maintained a trial preparation strategy consistent with the original Complaint and its own incentives as a single Defendant. Discovery has now expired and, as discussed below, would need to be started anew and all deadlines substantially extended, including the trial setting, if Plaintiffs' amendment were allowed.

---

[2] By that time, Plaintiffs could not have filed a motion and scheduled a hearing to be held within their own proposed deadline.

4

Plaintiffs argue that the proposed amendment should be allowed because the Defendant would not be prejudiced.  Whether there exists prejudice is not the standard.  Relying on *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985), the *Johnson* court held that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications." *Johnson*, 975 F.2d at 609.

In short, the Motion must be denied due to Plaintiffs' lack of diligence and failure to show good cause in seeking leave to amend its complaint and add parties.

**B.**    **If Leave to Amend is Not Granted, Extension of Discovery Must be Denied.**

For the same reasons set forth above, Plaintiffs' request that discovery be extended must be denied due to Plaintiffs' lack of diligence.  The Motion itself, as it relates to discovery, is untimely by the express terms of the Scheduling Order, which requires motions related to discovery to be *heard* by June 4, 2018.  (Dkt. 50.) Moreover, Plaintiffs did not serve any discovery in this case until it served its First Set of Requests for Production of Documents to Defendant Tickbox on April 25, 2018, such that Defendant's responses were due on May 25, 2018.  Plaintiffs speculate without basis that "TickBox may simply be hoping it can avoid any document production or motion to compel given the discovery cut-off"; however, due to Plaintiffs' own lack of diligence, Plaintiffs would not have had time to schedule a motion to compel for hearing even if Defendant's responses were objectionable.  *See* L.R. 6-1 (requiring twenty-eight days' notice of a motion prior to hearing). Notwithstanding that, Defendant has in good faith responded to Plaintiffs' discovery and produced documents responsive to such discovery.

Notably, although Plaintiffs use their Motion to imply that Defendant's discovery responses are inadequate, and even filed Defendant's discovery responses with the Motion, Plaintiffs have not addressed any discovery disputes with Defendant

5

as required by L.R. 37-1.  At the L.R. 7-3 conference of counsel leading to this motion, Plaintiffs did not raise any discovery disputes, nor have they since that date.  (*See* Declaration of John A. Christy ¶¶ 3-5.)  Accordingly, the implication that Defendant has not cooperated in discovery, or that any discovery disputes exist, is wholly inaccurate and solely intended to divert attention from Plaintiffs own shortcomings.

As the Rule 26(f) Reports filed in this case make clear, Plaintiffs have intended since January to schedule depositions of Defendant's executives, and have intended since at least March to serve third-party discovery on "TickBox's business partners." No such discovery has been pursued.  Plaintiffs were not diligent in seeking discovery, and now attempt to expand these proceedings to allow them a second chance at discovery, under the false premise that new information requires amendments to the Complaint.  Plaintiffs have not demonstrated any "good cause" for amendment of the Scheduling Order in this case, and the Motion must be denied. *See Johnson*, 975 F.2d at 609.

## C. If Leave to Amend is Granted, the Proposed Extension of Discovery Would Be Prejudicial.

To the extent the Court does allow Plaintiffs to amend the Complaint and add new parties to this litigation, the short extension proposed by Plaintiffs would be prejudicial.  The hearing on the Motion is scheduled to be held July 9, 2018, yet Plaintiffs seek a fact discovery cut-off of August 3, 2018, less than a month after the hearing.  Any new litigants should have a full opportunity to conduct discovery in this case.  *See CH2O, Inc. v. Meras Eng'g, Inc.*, No. LA CV13-08418 JAK (RZx), 2015 WL 12752444 at *3-4 (C.D. Cal August 31, 2015) (amendment to discovery schedule "necessary to ensure that the [added] parties have a sufficient opportunity to conduct certain discovery" and extending discovery to a date over five months after the amendment was allowed); *Taylor v. Shippers Transport Express, Inc.*, No. CV13-02092-BRO-(PLAx), 2014 WL 12561079 at *2 (C.D. Cal. April 18, 2014) ("Should the Court grant leave to file a second amended complaint, the Court would be required

6

to modify the scheduling order . . . to give the new Defendant an opportunity to conduct discovery[.]").

If Plaintiffs are permitted to amend their Complaint as proposed, the new Defendants should be given an opportunity to conduct necessary discovery in this matter. As a result, this case would be delayed for months, all because Plaintiffs failed to exercise diligence in seeking to amend their complaint.

## IV. CONCLUSION

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp.*, 108 F.R.D. at 141. As the Ninth Circuit has held, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier." *Johnson*, at. 610.

For all of the reasons set out in this memorandum, Plaintiffs are not entitled to the relief they seek, because they have not demonstrated good cause that justifies amendment of the Complaint, and the addition of new parties long known to them, at this late stage of proceedings. Plaintiffs cannot identify any "new information" warranting amendment and have failed to diligently pursue discovery in this proceeding. Accordingly, the Motion must be denied.

Dated: June 18, 2018                    witkow | baskin

                                        Schreeder, Wheeler & Flint, LLP

                                        By:  /s/ John A. Christy
                                             John A. Christy

                                        Attorneys for Defendant Tickbox TV, LLC

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO EXTEND DISCOVERY CUTOFF**