1  KELLY M. KLAUS (CA Bar No. 161091)
   kelly.klaus@mto.com
2  ELIZABETH A. KIM (CA Bar No. 295277)
   elizabeth.kim@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
4  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
5  Facsimile:   (213) 687-3702

6  MICHAEL B. DESANCTIS (admitted *pro hac vice*)
   michael.desanctis@mto.com
7  MUNGER, TOLLES & OLSON LLP
   1155 F Street N.W., Seventh Floor
8  Washington, D.C. 20004-1357
   Telephone:  (202) 220-1100
9  Facsimile:   (202) 220-2300

10 KAREN R. THORLAND (CA Bar No. 172092)
   karen_thorland@mpaa.org
11 MOTION PICTURE ASSOCIATION OF AMERICA, INC.
   15301 Ventura Blvd., Building E
12 Sherman Oaks, California 91403
   Telephone: (818) 935-5812

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Universal City Studios Productions LLLP; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment Inc., Amazon Content Services, LLC; Netflix Studios, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Tickbox TV LLC,<br><br>Defendant. | Case No. 2:17-cv-07496-MWF(AS)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO EXTEND DISCOVERY CUTOFF**<br><br>Date:  July 9, 2018<br>Time:  10:00 a.m.<br>Ctrm:  5A (Hon. Michael W. Fitzgerald)<br><br>Filed concurrently:<br>   Reply Declaration of Kelly M. Klaus |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

    A.    Plaintiffs Have Demonstrated Good Cause to Modify the Scheduling Order ............................................................................................. 1

    B.    Leave to Amend Should Be Granted Under Rule 15 ............................. 4

    C.    The Discovery Cut-Off Should Be Modestly Extended ......................... 5

CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Cole v. CRST, Inc.*,
  317 F.R.D. 141 (C.D. Cal. 2016) .................................................................... 4

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) ........................................................................... 4

*Jackson v. Laureate, Inc.*,
  186 F.R.D. 605 (E.D. Cal. 1999) ..................................................................... 2

*Johnson v. Buckley*,
  356 F.3d 1067 (9th Cir. 2004) ......................................................................... 4

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................... 1, 3, 4

*Miller v. Safeco Title Ins.*,
  758 F.2d 364 (9th Cir. 1985) ........................................................................... 1

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 15 ....................................................................................................................... 4

Rule 16 .................................................................................................................. 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

TickBox's Opposition misrepresents the pre-motion communications between counsel in a vain attempt to sidestep the plain need for a modest modification of the Court's scheduling order, which is necessary to ensure: (1) that Plaintiffs may efficiently bring their claims against TickBox's owners and operators, Jeffrey and Carrla Goldstein, as part of this lawsuit, rather than having to file a duplicative lawsuit; or (2) at a minimum, that Plaintiffs have the ability to complete discovery beyond a cut-off date that has now passed.

Plaintiffs have diligently litigated this action and have demonstrated good cause to modify the Court's scheduling order. Plaintiffs have demonstrated, and TickBox does nothing to refute, that there will be substantial prejudice to Plaintiffs' rights if this motion is denied. TickBox did not produce any documents until June 14, 2018—10 days after the discovery cut-off—and Plaintiffs' preliminary review shows there are serious questions about the adequacy of TickBox's collection and production efforts. TickBox has not shown any prejudice from adding the Goldsteins or extending the discovery schedule. Moreover, facts illustrating that the Goldsteins served as more than mere officers of TickBox TV LLC continue to emerge, particularly after receiving TickBox's belated production of documents. The only thing this motion will deprive TickBox of is the ability to evade a complete production of information relevant to this case. Plaintiffs respectfully request that the Court grant their motion.

## ARGUMENT

### A. Plaintiffs Have Demonstrated Good Cause to Modify the Scheduling Order

TickBox does not dispute that Plaintiffs satisfy Rule 15's requirements for granting a motion for leave to amend. Instead, TickBox asserts that Plaintiffs failed

to demonstrate good cause to modify the scheduling order based on a lack of diligence.  TickBox is wrong.

The "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992).  The Ninth Circuit, in the case on which TickBox bases its Opposition, made clear that the Court has "'broad discretion in supervising the pretrial phase of litigation.'" *Id.* (quoting *Miller v. Safeco Title Ins.*, 758 F.2d 364, 369 (9th Cir. 1985)).

When the proposed modification seeks to amend the pleadings, a party shows good cause by showing (1) it "was diligent in assisting the court in creating a workable Rule 16 order; (2)  that [the any failure to meet the applicable deadline] occurred or will occur, notwithstanding [the moving party's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the moving party] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).  Plaintiffs have shown good cause under each of these factors.

First, Plaintiffs were diligent in assisting the Court in creating a workable Rule 16 order.  The parties submitted their final joint Rule 26(f) report on March 21, 2018 (Dkt. 48), pursuant to the Court's March 6, 2018 scheduling notice (Dkt. 47).  Plaintiffs proposed May 4, 2018, as the amendment cut-off date, but the Court issued its scheduling order on April 13, 2018—without holding a conference—and the order said no further amendments would be permitted.  (Dkt. 50.)

Second, Plaintiffs have diligently prosecuted this action.  TickBox asserts that Plaintiffs could and should have moved to amend their complaint as soon as Jeffrey Goldstein filed his declaration on December 28, 2017.  (Dkt. 34-1.)  In the few months that followed, however, Plaintiffs successfully prosecuted their preliminary

injunction motion (granted on January 30, 2018), negotiated a stipulated preliminary injunction order following the Court's hearing, engaged in efforts to enforce the Court's preliminary injunction order (necessary because of TickBox's apparent non-compliance), and tried to settle this matter. The fact that Plaintiffs did not immediately seek leave to amend to add the Goldsteins while all this was going on does not show a lack of diligence. Moreover, Plaintiffs could not have sought leave to amend *without* modification of the Court's scheduling order, as the Court's April 13, 2018 scheduling order did not set a future deadline for amendment of pleadings, but instead stated there would be "no further amendments." Where, as here, a scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension," the court has discretion to modify the scheduling order. *Johnson*, 975 F.2d at 609 (citation omitted).

Third, Plaintiffs acted diligently to seek modification of the Court's scheduling order as soon as it became apparent that amendment was necessary. Plaintiffs served document requests that included the Goldsteins as relevant custodians on April 25, 2018, 11 days after the Court's scheduling order. Klaus Decl. ¶ 2 & Ex. A. Plaintiffs contacted counsel for TickBox, one month after the Court issued its scheduling order, requesting a meet and confer regarding the filing of an amended complaint and modification of the discovery cut-off. Klaus Reply Decl. ¶ 3 & Ex. A. Following the meet and confer, Plaintiffs promptly filed the instant motion.

TickBox claims that "[t]he circumstances in the present case are similar to those in *Johnson*," Opp. at 4:10, but makes no effort to support this assertion. TickBox's omission is unsurprising because the facts here do not resemble *Johnson* in the slightest. In *Johnson*, the plaintiff failed to substitute the proper defendant despite being put on explicit notice multiple times that he had named the incorrect defendant. 975 F.2d at 606-07. Three months before the amendment cut-off date, defense counsel sent plaintiff's counsel a letter explaining that plaintiff had named

the incorrect defendant and offering to stipulate to substitution of the proper defendant. *Id.* at 609. Plaintiff requested leave to amend four months *after* the amendment cut-off date. The court declined to find good cause because the plaintiff had "[f]ail[ed] to heed clear and repeated signals that not all the necessary parties had been named." *Id.*

Here, in contrast, Plaintiffs rely for their amendment on facts that cumulatively showed the Goldsteins should be added to this suit. Plaintiffs acted promptly to amend their complaint once it became clear that the Goldsteins were more than mere officers of TickBox. Those facts continue to emerge. TickBox made its initial production of documents on June 14, 2018—20 days after the documents were due to be produced. A preliminary review of TickBox's June 14, 2018 document production includes several emails from "Jeff" directing and controlling the content of the TickBox website and TickBox software interface. Klaus Reply Decl. ¶ 7.

In sum, Plaintiffs have demonstrated good cause to modify the Court's April 13, 2018 scheduling order to allow amendment of the complaint.

### B. Leave to Amend Should Be Granted Under Rule 15

Because Plaintiffs have demonstrated good cause to modify the Court's scheduling order, Rule 15 provides the relevant standard for deciding Plaintiffs' motion for leave to amend. *Johnson*, 975 F.2d at 608. TickBox's Opposition does not address any of the five factors considered, much less carry its burden to show prejudice. *See Cole v. CRST, Inc.*, 317 F.R.D. 141, 146 (C.D. Cal. 2016) ("The burden is on the party opposing amendment to show prejudice.").

Each of the five factors, "[1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint," counsels in favor of granting Plaintiffs leave to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see* Mot. at 3-5. Accordingly, Rule 15's policy of "extreme liberality" with respect to allowing

amendment weighs heavily in favor of granting Plaintiffs' motion. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).

### C. The Discovery Cut-Off Should Be Modestly Extended

Plaintiffs request a modest 60-day extension of the discovery cut-off. TickBox's Opposition does not dispute that the current schedule threatens to severely prejudice Plaintiffs' ability to collect relevant evidence for their liability, damages, and permanent injunctive relief cases. Nor does TickBox show that it will be prejudiced in any way if the discovery schedule is extended. TickBox instead repeats its bald assertion that Plaintiffs have not been diligent in pursuing discovery. TickBox again is wrong.

As discussed *supra*, Plaintiffs have diligently prosecuted this action. They focused their initial efforts on securing a preliminary injunction and ensuring TickBox's compliance with the Court's order. The Court entered the operative scheduling order on April 13, 2018, with a fact discovery cut-off date of June 4, 2018. TickBox makes much of the fact that Plaintiffs' proposal requested the June 4 date. But Plaintiffs submitted that proposal on March 21, 2018, while they were discussing settlement with TickBox, and with the expectation that the parties could discuss the dates with the Court at a scheduling conference if necessary. That conference, however, never took place, and it became apparent that Plaintiffs would have to pursue discovery in order to protect their right to recover damages.

Plaintiffs served their first request for production of documents on TickBox just 11 days after the Court's scheduling order, on April 24, 2018. Klaus Decl. Ex. A. TickBox served written objections and responses on May 25, 2018, but did not produce any documents until just over a week ago, on June 14, 2018. TickBox has provided no excuse for its delayed production. Plaintiffs are reviewing TickBox's

production, but it is apparent that there will be issues requiring a meet-and-confer and possibly a discovery motion.[1]

TickBox asserts that Plaintiffs served their discovery requests too late because there would have been insufficient time to file a motion to compel before June 4, 2018. By TickBox's logic, any discovery served after March 8, 2018, would be insufficient to demonstrate diligence, as it would have been impossible to comply with the Local Rules and this Court's scheduling order and notice a motion to compel that could be heard by June 4, 2018.[2] Plaintiffs' request to extend the discovery cut-off by approximately 60 days would ensure that Plaintiffs have the opportunity to adequately review and, if necessary, resolve any discovery disputes with TickBox. It would also provide Plaintiffs the necessary time to engage in limited additional discovery regarding Defendants' ability to pay any statutory damages award and the depth of the Goldsteins' involvement in and knowledge of TickBox's inducement of copyright infringement. It was for these reasons that counsel for Plaintiffs contacted counsel for TickBox, specifically identifying both Plaintiffs' intention to seek leave to file an amended complaint *and* the need for an

---

[1] TickBox produced 662 pages in response to Plaintiffs' 20 separate document requests. Upon preliminary review, this production includes relatively few emails and approximately 470 pages of computer code attached to or embedded in emails. *See* TTL000064-534. In short, there are serious questions about the adequacy of TickBox's collection and production. Plaintiffs, however, cannot start the meet-and-confer process, much less file a motion to compel, given the current discovery cut-off date. Klaus Reply Decl. ¶¶ 5-7.

[2] TickBox cites L.R. 6-1, but L.R. 37-1 to 37-3 govern discovery motions. The Local Rules provide for a minimum 21-day period before the motion may be heard, 10 days within which to meet and confer, and 7 days within which to draft a stipulation. The Federal Rules provide 30 days within which to respond to discovery requests. Here, 50 days elapsed between service of Plaintiffs' requests for production and TickBox's actual production of documents. Even without considering the time necessary to actually review any document production, this results in an 88-day period.

extension of the discovery cut-off preceding this motion. Klaus Reply Decl. ¶ 3 & Ex. A. Counsel for TickBox, John Christy, declares that "Counsel for Plaintiffs did not advise me that he would be requesting an extension of discovery unrelated to the proposed amendment of the Complaint." (Dkt. 52-1.) E-mail correspondence on the meet-and-confer shows that Mr. Christy's declaration is not correct: Plaintiffs' counsel told Mr. Christy that Plaintiffs would move to amend the discovery cut-off, and Mr. Christy's response email expressly recognized that Plaintiffs were seeking not only to add the Goldsteins but "to amend the CMO [case management order]." Klaus Decl. ¶ 3 & Ex. A.

An extension of the discovery cut-off following the filing of an amended complaint would not prejudice TickBox or the Goldsteins. TickBox contends that the Goldsteins should be given an opportunity to conduct discovery if the Court grants leave to amend. This argument rings hollow. TickBox has served no discovery requests during this litigation and identifies no issues or discovery topics that would arise from the addition of the Goldsteins as defendants. Even if the Court were inclined to grant a lengthier extension (e.g., 120 days) to accommodate the Goldsteins, this case would still proceed to trial within one year of the Court's order granting Plaintiffs' motion for preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for leave to amend the complaint to add the Goldsteins as Defendants and briefly extend the case schedule to allow the parties to complete discovery.

| | | |
|---|---|---|
| 1 | DATED: June 25, 2018 | MUNGER, TOLLES & OLSON LLP |

By: _/s/ Kelly M. Klaus_
     KELLY M. KLAUS

Attorneys for Plaintiffs