UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-7496-MWF (ASx)  **Date:** July 3, 2018
Title:    Universal City Studios Productions LLLP, et al. v. TickBox TV LLC

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                  Court Reporter:
Rita Sanchez                   Not Reported

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:
None Present                       None Present

**Proceedings (In Chambers):**   ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO EXTEND DISCOVERY CUTOFF [51]

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint and to Extend Discovery Cutoff (the "Motion"), filed on June 4, 2018. (Docket No. 51). On June 18, 2018, Defendant TickBox TV LLC ("TickBox") filed an Opposition. (Docket No. 52). On June 25, 2018, Plaintiffs filed a Reply. (Docket No. 53).

Plaintiffs noticed the Motion to be heard on **July 9, 2018**. The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore **VACATED** and removed from the Court's calendar.

Through its proposed First Amended Complaint, which does not contain any new claims for relief, Plaintiffs seek to add Jeffrey Goldstein and Carrla Goldstein – TickBox's owners – as defendants, and to extend the discovery deadline, which is currently June 4, 2018.

Plaintiffs commenced this action on October 13, 2017. On December 7, 2017, Plaintiffs filed a motion for a preliminary injunction. (Docket No. 28). TickBox filed its Answer on December 8, 2017 and an opposition to the preliminary injunction motion on December 28, 2017. (Docket Nos. 29, 34). On January 30, 2018, following

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7496-MWF (ASx)  Date:  July 3, 2018
Title:     Universal City Studios Productions LLLP, et al. v. TickBox TV LLC

a hearing, the Court granted Plaintiffs' preliminary injunction motion, and on February 13, 2018, the Court entered a stipulated preliminary injunction.  (Docket Nos. 40, 44).

The parties filed a joint Rule 26(f) report on January 29, 2018 and, pursuant to the Court's instruction, an amended Rule 26(f) report on March 21, 2018.  (Docket Nos. 39, 47, 48).  On April 13, 2018, following receipt of the amended 26(f) report and without holding a scheduling conference, the Court entered a scheduling order.  (Docket No. 50).  In accordance with the parties' proposal, the scheduling order set June 4, 2018 as the deadline for the completion of non-expert discovery.  (*Id.*).  Given the fast-approaching discovery and other deadlines under the parties' relatively aggressive proposed pre-trial schedule, the Court indicated that there would be "[n]o further amendments" to the pleadings.  (*Id.*).

As TickBox correctly points out, since Plaintiffs filed the Motion after the time permitted under the scheduling order (which was effectively never), the Court must treat the Motion as both a motion to modify the scheduling order and as a motion to file the proposed First Amended Complaint.

Rule 16 provides that a party seeking to modify a court's scheduling order must show "good cause" for doing so.  Fed. R. Civ. P. 16(b)(4); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining that Rule 16 is the proper standard where the court "had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."); *Primerica Life Ins. Co. v. Rodriguez*, No. 11-7074 CAS (PLAx), 2012 WL 893486, at *1 (C.D. Cal. Mar. 14, 2012) ("[O]nce the scheduling order is in place, the court must modify the scheduling order to permit an amendment." (citations omitted)).  The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Coleman*, 232 F.3d at 1294; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-7496-MWF (ASx)			Date:  July 3, 2018
Title:	Universal City Studios Productions LLLP, et al. v. TickBox TV LLC

party's reasons for seeking modification… If that party was not diligent, the inquiry should end.").

Despite TickBox's arguments to the contrary, the Court perceives no serious lack of diligence on Plaintiffs' part with respect to seeking to add the Goldsteins as defendants.  While it is clear that Plaintiffs have been aware of the Goldsteins' existence for several months, TickBox just made its first and only document production on June 14, 2018, and some of those documents seemingly evidence the Goldsteins' personal involvement in the allegedly infringing activity at the heart of this lawsuit.  (*See* Klaus Reply Decl. ¶¶ 5-7).  Rather than a lack of diligence, it appears that Plaintiffs find themselves in their present position because they agreed to a highly ambitious – perhaps unrealistically so – pretrial schedule.  The Court will not hold the parties to that schedule, particularly where Plaintiffs may have viable claims against the Goldsteins and it makes much more sense to join them in this lawsuit rather than forcing Plaintiffs to file a separate lawsuit against them.

Accordingly, the Court finds that there is good cause to issue an amended scheduling order that permits Plaintiffs to file their proposed First Amended Complaint and that modestly extends the discovery and other pre-trial deadlines.

Having determined that there is good cause to adjust the scheduling order, the Court turns briefly to Rule 15(a)(2), which provides that a "party may amend its pleading . . . [with] the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2).  "The standard for granting leave to amend is generous." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks and citation omitted).  "The court considers five factors in assessing the propriety of leave to amend – bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.*

In its Opposition, TickBox focuses exclusively upon the propriety of amending the schedule order under the Rule 16 "good cause" standard and makes no arguments

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-7496-MWF (ASx)                **Date:**  July 3, 2018
**Title:**     Universal City Studios Productions LLLP, et al. v. TickBox TV LLC

that leave to amend is inappropriate under Rule 15's quite liberal standards.  In light of TickBox's lack of opposition on this issue, and upon consideration of the relevant factors that the Ninth Circuit has instructed district courts to consider, the Court finds that leave to amend is warranted.

Accordingly, the Motion is **GRANTED**.

Plaintiffs shall file their First Amended Complaint by **July 6, 2018**.

The Court will issue an amended scheduling order that extends the non-expert discovery deadline to **September 10, 2018** and adjusts other dates accordingly.

IT IS SO ORDERED.