Brandon J. Witkow (CA Bar No. 210443)
witkow | baskin
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Telephone:        (818) 296-9508
Email:            bw@witkowlaw.com

John A. Christy (*Admitted Pro Hac Vice* - Georgia Bar No. 125518)
jchristy@swfllp.com
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
(404) 681-3450

Attorneys for Defendant
TICKBOX TV LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Universal City Studios Productions LLLP; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment Inc.; Amazon Content Services, LLC; Netflix Studios, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TickBox TV LLC, <br><br> Defendant. | Case No.  2:17-cv-07496 <br><br> **TICKBOX TV, LLC'S ANSWER TO FIRST AMENDED COMPLAINT** |

1

Comes now TickBox LLC ("TickBox") and asserts its affirmative defenses and answers each and every paragraph of Plaintiff's First Amended Complaint as follows:

1.      TickBox denies that it currently distributes and sells a hardware device. Any advertising, promotional or website material related to the marketing and sale of TickBox's products is the highest and best evidence of its content and will speak for itself. TickBox denies the remaining allegations of Paragraph 1 of the First Amended Complaint.

2.      TickBox denies Paragraph 2 of the First Amended Complaint.

3.      TickBox denies Paragraph 3 of the First Amended Complaint.

4.      TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 4 of the First Amended Complaint.

5.      TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 5 of the First Amended Complaint.

6.      TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 6 of the First Amended Complaint.

7.      TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 7 of the First Amended Complaint.

8.      TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 8 of the First Amended Complaint.

9.      TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 9 of the First Amended Complaint.

TICKBOX TV, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

10.     TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 10 of the First Amended Complaint.

11.     TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 11 of the First Amended Complaint.

12.     TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 12 of the First Amended Complaint.

13.     TickBox denies it is a corporation duly incorporated under the laws of the State of Georgia. TickBox is a limited liability company organized under the laws of the State of Georgia. TickBox otherwise admits the allegations in Paragraph 13 of the First Amended Complaint.

14.     TickBox admits Paragraph 14 of the First Amended Complaint.

15.     Tickbox admits that Carrla Goldstein is the 100% owner of TickBox, and that she is a resident of Atlanta, Georgia.  TickBox denies the remaining allegations in Paragraph 15 of the First Amended Complaint.

16.     The allegations of Paragraph 16 of the First Amended Complaint is a statement of law and/or Plaintiff's legal position to which no response is required by this Defendant.

17.     TickBox admits that TickBox currently operates a website (www.tickboxtv.com), which is available to California residents.  Tickbox denies that it currently conducts online sales, offers "live chat" technical support, or promotes the TickBox TV device on such website. The remaining allegations inParagraph 17 of the First Amended Complaint are denied.

18.     TickBox denies that it currently sells and ships TickBox TV devices to California residents or provides ongoing technical support to California residents or manages TickBox TV units remotely by facilitating automatic software updates to

2

TickBox TV customers who reside in California.  Tickbox denies that it currently advertises and promotes TickBox TV to potential customers in California.   The remaining allegations in Paragraph 18 of the First Amended Complaint are denied.

19.    TickBox denies the allegations of Paragraph 19 of the First Amended Complaint and affirmatively states that the content of its online advertising and website at any given time is the highest and best evidence of its content and will speak for itself.

20.    The allegations of Paragraph 20 of the First Amended Complaint is a statement of law and/or Plaintiff's legal position and no response is required of this Defendant. To the extent further response is required of this Paragraph the allegations are denied.

21.    TickBox is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the First Amended Complaint. Moreover, the allegations are not those in effect but are self-serving promotional statements of the Plaintiff.

22.    TickBox is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the First Amended Complaint. To the extent any further response is required of this Paragraph the allegations are denied.

23.    TickBox is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the First Amended Complaint. To the extent any further response is required of this Paragraph the allegations are denied.

24.    TickBox is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the First Amended Complaint. To the extent any further response is required of this Paragraph the allegations are denied.

25.    TickBox is without sufficient knowledge or information upon which to

3

1  form a belief as to the truth or accuracy of the allegations concerning alleged third

2  party sites to which Tickbox TV links or TickBox customers have access. TickBox

3  admits that it has no contracts with any of the Plaintiffs. To the extent a response is

4  required of this Paragraph the allegations are denied.

5        26.   TickBox denies Paragraph 26 of the First Amended Complaint as it

6  relates to Jeffrey Goldstein and Carrla Goldstein.  TickBox admits that the screenshot

7  included in Paragraph 26 of the First Amended Complaint was a true and accurate

8  copy of a screenshot of a page of the TickBox website at the time and that such a

9  page is the highest and best evidence of its content and will speak for itself with

10  respect to any allegations concerning the installation or use of TickBox TV.  TickBox

11  otherwise admits the allegations in Paragraph 26 of the First Amended Complaint.

12        27.   TickBox denies Paragraph 27 of the First Amended Complaint as it

13  relates to Jeffrey Goldstein and Carrla Goldstein.    TickBox further denies that

14  TickBox currently markets the TickBox TV device.  TickBox's historical marketing

15  and promotional materials are the highest and best evidence of their content and

16  speak for themselves. To the extent a further response is required of this Paragraph

17  the allegations are denied.

18        28.   TickBox admits Paragraph 28 of the First Amended Complaint.

19        29.   TickBox denies Paragraph 29 of the First Amended Complaint.

20        30.   TickBox denies Paragraph 30 of the First Amended Complaint as pled

21  insofar as it has no information or knowledge concerning any "customer's

22  perspective". The manner in which the TickBox products operated at the time this

23  lawsuit was filed shall speak for itself as well as any information or materials

24  contained on any software included therein.

25        31.   To the extent Paragraph 31 is an allegation of "the customer's

26  perspective" as referenced in Paragraph 30 of the First Amended Complaint,

27  TickBox denies Paragraph 31 of the First Amended Complaint as pled insofar as it

28  has no information or knowledge concerning any "customer's perspective". The

1    manner in which the TickBox products operated at the time this lawsuit was filed

2    shall speak for itself as well as any information or materials contained on any

3    software included therein.  To the extent further response is required, denied.

4          32.    To the extent Paragraph 32 is an allegation of "the customer's

5    perspective" as referenced in Paragraph 30 of the First Amended Complaint,

6    TickBox denies Paragraph 32 of the First Amended Complaint as pled insofar as it

7    has no information or knowledge concerning any "customer's perspective". The

8    manner in which the TickBox products operated at the time this lawsuit was filed

9    shall speak for itself as well as any information or materials contained on any

10    software included therein.  To the extent further response is required, denied.

11         33.    To the extent Paragraph 33 is an allegation of "the customer's

12    perspective" as referenced in Paragraph 30 of the First Amended Complaint,

13    TickBox denies Paragraph 33 of the First Amended Complaint as pled insofar as it

14    has no information or knowledge concerning any "customer's perspective". The

15    manner in which the TickBox products operated at the time this lawsuit was filed

16    shall speak for itself as well as any information or materials contained on any

17    software included therein.  To the extent further response is required, denied.

18         34.    To the extent Paragraph 34 is an allegation of "the customer's

19    perspective" as referenced in Paragraph 30 of the First Amended Complaint,

20    TickBox denies Paragraph 34 of the First Amended Complaint as pled insofar as it

21    has no information or knowledge concerning any "customer's perspective". The

22    manner in which the TickBox products operated at the time this lawsuit was filed

23    shall speak for itself as well as any information or materials contained on any

24    software included therein.  To the extent further response is required, denied.

25         35.    To the extent Paragraph 35 is an allegation of "the customer's

26    perspective" as referenced in Paragraph 30 of the First Amended Complaint,

27    TickBox denies Paragraph 35 of the First Amended Complaint as pled insofar as it

28    has no information or knowledge concerning any "customer's perspective" or

"popularity" of "Covenant". The manner in which the TickBox products operate at the time this lawsuit was filed shall speak for itself as well as any information or materials contained on any software included therein.  To the extent further response is required, denied.

36.     TickBox is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegations contained in Paragraph 36 of the First Amended Complaint. . The manner in which the TickBox products operated at the time this lawsuit was filed shall speak for itself as well as any information or materials contained on any software included therein.

37.     Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations concerning which movies had been authorized for a video-on-demand distribution, which were still being distributed exclusively to theaters and which are not authorized for in-home viewing by a video-on-demand distribution as of the date of the First Amended Complaint. In further response to Paragraph 37, TickBox states that the contents of any page which may have been accessible on the TickBox device is the highest and best evidence of its content and will speak for itself. To the extent further response to this Paragraph is required the allegations are denied.

38.     TickBox is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations concerning what content had been authorized with respect to third-party "sources".  TickBox states that the contents of any page which may have been accessible on the TickBox device is the highest and best evidence of its content and will speak for itself. To the extent further response to this Paragraph is required the allegations are denied.

39.     TickBox is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations regarding "CAM" alleged in Paragraph 39 of the First Amended Complaint and otherwise denies the allegation in Paragraph 39.

40.     TickBox states that the contents of any page which may have been accessible on the TickBox device is the highest and best evidence of its content and will speak for itself. To the extent further response to this Paragraph is required the allegations are denied.

41.     TickBox denies Paragraph 41 of the First Amended Complaint.

42.     TickBox denies Paragraph 42 of the First Amended Complaint as it relates to Jeffrey Goldstein and Carrla Goldstein.   TickBox further denies that TickBox currently advertises the TickBox TV device.   The content of TickBox's historical promotional online and website information is the highest and best evidence of their content and shall speak for themselves. To the extent a further response is required of this Paragraph the allegations are denied.

43.     TickBox denies Paragraph 43 of the First Amended Complaint as it relates to Jeffrey Goldstein and Carrla Goldstein.   TickBox further denies that TickBox currently promotes the TickBox TV device.   The content of TickBox's historical promotional online and website information is the highest and best evidence of their content and shall speak for themselves. To the extent a further response is required of this Paragraph the allegations are denied.

44.     TickBox denies Paragraph 44 of the First Amended Complaint as it relates to Jeffrey Goldstein and Carrla Goldstein.    TickBox further denies that TickBox currently markets the TickBox TV device.   The content of TickBox's historical promotional online and website information is the highest and best evidence of their content and shall speak for themselves. To the extent a further response is required of this Paragraph the allegations are denied.

45.     TickBox denies Paragraph 45 of the First Amended Complaint. The content of TickBox's historical promotional online and website information is the highest and best evidence of their content and shall speak for themselves. To the extent a further response is required of this Paragraph the allegations are denied.

46.     TickBox denies Paragraph 46 of the First Amended Complaint as it

7

relates to Jeffrey Goldstein and Carrla Goldstein.  TickBox further denies that TickBox currently advertises the TickBox TV device.  The content of TickBox's historical promotional online and website information is the highest and best evidence of their content and shall speak for themselves.  To the extent a further response is required of this Paragraph the allegations are denied.

47.    TickBox admits TickBox is a commercial venture and that its revenues increase based upon increased sales. TickBox otherwise denies the allegations in Paragraph 47 of the First Amended Complaint.

48.    TickBox denies the allegations in Paragraph 48 of the First Amended Complaint.

49.    TickBox denies Paragraph 49 of the First Amended Complaint as it relates to Carrla Goldstein. TickBox admits that Jeffrey Goldstein, as CEO of TickBox, could direct certain changes to the TickBox TV interface, including the options available to customers via the "Select your Theme" menu and related menu options.

50.    In response to Paragraph 50 of the First Amended Complaint, TickBox restates and incorporates by reference herein its response to the Paragraphs 1-49 of the First Amended Complaint with the same force and effect as if they had been restated herein.

51.    TickBox denies Paragraph 51 of the First Amended Complaint.

52.    TickBox denies Paragraph 52 of the First Amended Complaint.

53.    TickBox denies Paragraph 53 of the First Amended Complaint.

54.    TickBox denies Paragraph 54 of the First Amended Complaint.

55.    TickBox denies Paragraph 55 of the First Amended Complaint.

56.    TickBox denies Paragraph 56 of the First Amended Complaint.

57.    TickBox denies Paragraph 57 of the First Amended Complaint.

58.    TickBox denies Paragraph 58 of the First Amended Complaint.

59.    TickBox denies Paragraph 59 of the First Amended Complaint.

60.     In response to Paragraph 60 of the First Amended Complaint, TickBox restates and incorporates by reference herein its response to the Paragraphs 1-49 of the First Amended Complaint with the same force and effect as if they had been restated herein.

61.     TickBox denies Paragraph 61 of the First Amended Complaint.

62.     TickBox denies Paragraph 62 of the First Amended Complaint.

63.     TickBox denies Paragraph 63 of the First Amended Complaint.

64.     TickBox denies Paragraph 64 of the First Amended Complaint.

65.     TickBox denies Paragraph 65 of the First Amended Complaint.

66.     TickBox denies Paragraph 66 of the First Amended Complaint.

67.     TickBox denies Paragraph 67 of the First Amended Complaint.

68.     TickBox denies Paragraph 68 of the First Amended Complaint.

69.     TickBox denies Paragraph 69 of the First Amended Complaint.

70.     Any allegation that is not heretofore expressly admitted is denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses, whether affirmative or otherwise. Defendant reserves all further defenses that may now or in the future exist based on discovery and further factual investigation in the case.

1.     The First Amended Complaint and each claim within it fail to allege facts sufficient to state a cause of action.

2.     The lack of any volitional action by TickBox relating to infringement bars liability of TickBox.

3.     TickBox's lack of culpable intent regarding alleged underlying infringements bars the claims against TickBox.

4.     The doctrine of unclean hands bars Plaintiff's claims.

5.     The doctrine of copyright misuse bars Plaintiff's claims.

6.     Plaintiff's failure to mitigate damages bars Plaintiff's claims.

7.     Waiver and estoppel bar Plaintiff's claims.

9

8.      The safe harbors under 17 U.S.C. § 512 bar the relief against TickBox that the Plaintiff seeks.

9.      Plaintiff's claims for statutory damages violate the First, Fifth, and Eighth Amendments to the United States Constitution.

10.     TickBox is immune from any liability under 47 U.S.C. § 230 of the Communications Decency Act.

Wherefore, TickBox, TV LLC demands judgment that Plaintiffs' First Amended Complaint against it be dismissed with all costs to be cast against the Plaintiff.

DATED: July 20, 2018.

witkow | baskin

SCHREEDER, WHEELER & FLINT, LLP

By:   John A. Christy
John A. Christy (Georgia Bar No. 125518)
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
(404) 681-3450
Email:      jchristy@swfllp.com

Attorneys for Defendant Tickbox TV, LLC

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Local Rule 38-1, Defendant hereby demands a trial by jury.

DATED: July 20, 2018

witkow | baskin

SCHREEDER, WHEELER & FLINT, LLP

By:    John A. Christy

John A. Christy (Georgia Bar No. 125518)
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
(404) 681-3450
Email:       jchristy@swfllp.com

Attorneys for Defendant Tickbox TV, LLC

11