Brandon J. Witkow (CA Bar No. 210443)
witkow | baskin
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Telephone:         (818) 296-9508
Email:             bw@witkowlaw.com

John A. Christy (*Admitted Pro Hac Vice* - Georgia Bar No. 125518)
jchristy@swfllp.com
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
(404) 681-3450

Attorneys for Defendant
Carrla Goldstein

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Universal City Studios Productions LLLP; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Paramount Pictures Corporation; Warner Bros. Entertainment Inc.; Amazon Content Services, LLC; Netflix Studios, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>TickBox TV LLC, Jeffrey Goldstein; Carrla Goldstein<br><br>  Defendants. | Case No. 2:17-cv-07496<br><br>**CARRLA GOLDSTEIN'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

CARRLA GOLDSTEIN'S ANSWER TO FIRST AMENDED COMPLAINT

Comes now Carrla Goldstein ("C. Goldstein") and asserts her affirmative defenses and answers each and every paragraph of Plaintiff's First Amended Complaint as follows:

1. C. Goldstein denies Paragraph 1 of the First Amended Complaint.

2. C. Goldstein denies Paragraph 2 of the First Amended Complaint.

3. C. Goldstein denies Paragraph 3 of the First Amended Complaint.

4. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 4 of the First Amended Complaint.

5. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 5 of the First Amended Complaint.

6. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 6 of the First Amended Complaint.

7. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 7 of the First Amended Complaint.

8. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 8 of the First Amended Complaint.

9. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 9 of the First Amended Complaint.

10. C. Goldstein is without sufficient knowledge or information upon which to form a belief of the truth or accuracy of the allegation contained in Paragraph 10 of the First Amended Complaint.

11. C. Goldstein is without sufficient knowledge or information upon which

1  to form a belief of the truth or accuracy of the allegation contained in Paragraph 11
2  of the First Amended Complaint.

3      12.    C. Goldstein is without sufficient knowledge or information upon which
4  to form a belief of the truth or accuracy of the allegation contained in Paragraph 12
5  of the First Amended Complaint.

6      13.    C. Goldstein denies TickBox is a corporation duly incorporated under
7  the laws of the State of Georgia. TickBox is a limited liability company organized
8  under the laws of the State of Georgia. C. Goldstein otherwise admits the allegations
9  in Paragraph 13 of the First Amended Complaint.

10      14.    C. Goldstein admits Paragraph 14 of the First Amended Complaint.

11      15.    C. Goldstein admits that C. Goldstein is the 100% owner of TickBox,
12  and that she is a resident of Atlanta, Georgia. C. Goldstein denies the remaining
13  allegations in Paragraph 15 of the First Amended Complaint.

14      16.    The allegations of Paragraph 16 of the First Amended Complaint are a
15  statement of law and/or Plaintiff's legal position to which no response is required by
16  this Defendant.

17      17.    C. Goldstein denies Paragraph 17 of the First Amended Complaint.

18      18.    C. Goldstein denies Paragraph 18 of the First Amended Complaint.

19      19.    C. Goldstein denies Paragraph 19 of the First Amended Complaint.

20      20.    The allegations of Paragraph 20 of the First Amended Complaint is a
21  statement of law and/or Plaintiff's legal position and no response is required of this
22  Defendant. To the extent further response is required of this Paragraph the allegations
23  are denied.

24      21.    C. Goldstein is without sufficient knowledge or information upon which
25  to form a belief as to the truth or accuracy of the allegations contained in Paragraph
26  21 of the First Amended Complaint. Moreover, the allegations are not those in effect
27  but are self-serving promotional statements of the Plaintiff.

28      22.    C. Goldstein is without sufficient knowledge or information upon which

to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the First Amended Complaint. To the extent any further response is required of this Paragraph the allegations are denied.

23. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the First Amended Complaint. To the extent any further response is required of this Paragraph the allegations are denied.

24. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the First Amended Complaint. To the extent any further response is required of this Paragraph the allegations are denied.

25. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the First Amended Complaint.  To the extent any further response is required, the allegations in Paragraph 25 are denied.

26. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the First Amended Complaint as they relate to the functionality or marketing materials of TickBox.  C. Goldstein denies that any such marketing materials are C. Goldstein's marketing materials.  To the extent further response is required, the remaining allegations in Paragraph 26 are denied.

27. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 of the First Amended Complaint as they relate to the marketing materials of TickBox.  TickBox's historical marketing and promotional materials are the highest and best evidence of their content and speak for themselves. To the extent a further response is required of this Paragraph the allegations are denied.

28. C. Goldstein is without sufficient knowledge or information upon which

1 to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28 of the First Amended Complaint, which are therefore denied.

29. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 29 of the First Amended Complaint, which are therefore denied.

30. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30 of the First Amended Complaint, which are therefore denied.

31. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the First Amended Complaint, which are therefore denied.

32. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 of the First Amended Complaint, which are therefore denied.

33. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 33 of the First Amended Complaint, which are therefore denied.

34. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 of the First Amended Complaint, which are therefore denied.

35. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 35 of the First Amended Complaint, which are therefore denied.

36. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the First Amended Complaint, which are therefore denied.

37. C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph

1  37 of the First Amended Complaint, which are therefore denied.

2       38.   C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 38 of the First Amended Complaint, which are therefore denied.

     39.   C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 39 of the First Amended Complaint, which are therefore denied.

     40.   C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 40 of the First Amended Complaint, which are therefore denied.

     41.   C. Goldstein denies Paragraph 41 of the First Amended Complaint.

     42.   C. Goldstein denies Paragraph 42 of the First Amended Complaint.

     43.   C. Goldstein denies Paragraph 43 of the First Amended Complaint.

     44.   C. Goldstein denies Paragraph 44 of the First Amended Complaint.

     45.   C. Goldstein denies Paragraph 45 of the First Amended Complaint.

     46.   C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations relating to any updates to the TickBox device or any software which may be installed thereon, which allegations are therefore denied. C. Goldstein denies the remaining allegations of Paragraph 46 of the First Amended Complaint.

     47.   C. Goldstein is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations in Paragraph 47 of the First Amended Complaint, which are therefore denied.

     48.   C. Goldstein denies the allegations in Paragraph 48 of the First Amended Complaint.

     49.   C. Goldstein denies Paragraph 49 of the First Amended Complaint.

     50.   In response to Paragraph 50 of the First Amended Complaint, C. Goldstein restates and incorporates by reference herein her response to the

Paragraphs 1-49 of the First Amended Complaint with the same force and effect as if they had been restated herein.

51. C. Goldstein denies Paragraph 51 of the First Amended Complaint.
52. C. Goldstein denies Paragraph 52 of the First Amended Complaint.
53. C. Goldstein denies Paragraph 53 of the First Amended Complaint.
54. C. Goldstein denies Paragraph 54 of the First Amended Complaint.
55. C. Goldstein denies Paragraph 55 of the First Amended Complaint.
56. C. Goldstein denies Paragraph 56 of the First Amended Complaint.
57. C. Goldstein denies Paragraph 57 of the First Amended Complaint.
58. C. Goldstein denies Paragraph 58 of the First Amended Complaint.
59. C. Goldstein denies Paragraph 59 of the First Amended Complaint.
60. In response to Paragraph 60 of the First Amended Complaint, C. Goldstein restates and incorporates by reference herein her response to the Paragraphs 1-49 of the First Amended Complaint with the same force and effect as if they had been restated herein.
61. C. Goldstein denies Paragraph 61 of the First Amended Complaint.
62. C. Goldstein denies Paragraph 62 of the First Amended Complaint.
63. C. Goldstein denies Paragraph 63 of the First Amended Complaint.
64. C. Goldstein denies Paragraph 64 of the First Amended Complaint.
65. C. Goldstein denies Paragraph 65 of the First Amended Complaint.
66. C. Goldstein denies Paragraph 66 of the First Amended Complaint.
67. C. Goldstein denies Paragraph 67 of the First Amended Complaint.
68. C. Goldstein denies Paragraph 68 of the First Amended Complaint.
69. C. Goldstein denies Paragraph 69 of the First Amended Complaint.
70. Any allegation that is not heretofore expressly admitted is denied.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

Defendant asserts the following defenses, whether affirmative or otherwise. Defendant reserves all further defenses that may now or in the future exist based on

discovery and further factual investigation in the case.

1. The First Amended Complaint and each claim within it fail to allege facts sufficient to state a cause of action.
2. The lack of any volitional action by C. Goldstein relating to infringement bars liability of C. Goldstein.
3. C. Goldstein's lack of culpable intent regarding alleged underlying infringements bars the claims against C. Goldstein.
4. The doctrine of unclean hands bars Plaintiff's claims.
5. The doctrine of copyright misuse bars Plaintiff's claims.
6. Plaintiff's failure to mitigate damages bars Plaintiff's claims.
7. Waiver and estoppel bar Plaintiff's claims.
8. The safe harbors under 17 U.S.C. § 512 bar the relief against C. Goldstein that the Plaintiff seeks.
9. Plaintiff's claims for statutory damages violate the First, Fifth, and Eighth Amendments to the United States Constitution.
10. C. Goldstein is immune from any liability under 47 U.S.C. § 230 of the Communications Decency Act.
11. Plaintiff's complaint is barred because venue in this Court is improper.
12. Plaintiff's complaint is barred because this Court lacks jurisdiction over C. Goldstein.

Wherefore, C. Goldstein demands judgment that Plaintiffs' First Amended Complaint against her be dismissed with all costs to be cast against the Plaintiff.

1 | DATED: August 20, 2018.

<u>witkow | baskin</u>

SCHREEDER, WHEELER & FLINT, LLP

By: <u>John A. Christy</u>
John A. Christy (Georgia Bar No. 125518)
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
(404) 681-3450
Email: jchristy@swfllp.com

Attorneys for Defendant Carrla Goldstein

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Local Rule 38-1, Defendant hereby demands a trial by jury.

DATED: August 20, 2018

          witkow | baskin
          SCHREEDER, WHEELER & FLINT, LLP

          By:   John A. Christy
          John A. Christy (Georgia Bar No. 125518)
          SCHREEDER, WHEELER & FLINT, LLP
          1100 Peachtree Street, NE
          Suite 800
          Atlanta, Georgia 30309
          (404) 681-3450
          Email:   jchristy@swfllp.com

          Attorneys for Defendant Carrla Goldstein